IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM JOMATHAN MAYO, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-4217-TWT-GGB |
| ERIC SELLERS, Superintendent, | : | |
| Clayton Transitional Center, et al., | : | |
| Defendants. | : | |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff, William Jomathan Mayo, has filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. The matter is presently before the Court for a frivolity screening.

District Courts are authorized to dismiss an action brought in forma pauperis if the action is either (1) frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.), cert. denied, 510 U.S. 893 (1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief. <u>Brower v. County of Inyo</u>, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. <u>See</u> <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal.

II. <u>Plaintiff's Allegations</u>

Plaintiff sues Georgia Department of Corrections Officials Eric Sellers, Tammy Irion, and Brian Owens, alleging that his rights were violated when he was removed from a work release program and returned to prison. According to Plaintiff, the Georgia Board of Pardons and Parole granted him parole on February 24, 2009, upon successful completion of the Georgia Department of Corrections work release program. Plaintiff contends that he was transferred to the Clayton Transitional Center on March 24, 2009, to begin his work release program. Plaintiff contends that he was hired as an assistant training manager at a fitness center, where he was scheduled to work six days a week from 9 a.m. to 8 p.m. According to Plaintiff, after he started

AO 72A
(Rev.8/82)

his job, he received a disciplinary report on May 17, 2009, for not calling on time to apprise the transitional center of his late arrival from work. Plaintiff alleges that he received a second disciplinary report for having in his possession his clients' physical fitness assessments, which was in violation of the transitional center's policy. Plaintiff contends that he was transferred to the Central State Prison on June 10, 2009, "against the transitional center policy." Plaintiff indicates that he was found guilty of both disciplinary violations on June 12, 2009, and was removed from the work release program. [Doc. 1 at 8-9].

Plaintiff contends that his removal from the work release program violated his constitutional rights because the disciplinary hearing involved several procedural errors. Plaintiff alleges that his appeals on both disciplinary violations were rejected "with no regard for the governing statutory authority" in violation of his due process and equal protection rights. [Doc. 1 at 10]. According to Plaintiff, his disciplinary violations were expunged at the second appeal level, but he was not returned to the work release program. Plaintiff contends that Defendants subjected him to "blatant discrimination" and "selective enforcement" of the disciplinary procedures, and he seeks damages. [Doc. 1 at 25-28].

III. Discussion

Plaintiff's allegations that his constitutional rights were violated when he was removed from the work release program fail to state a claim. A restraint imposed in prison does not give rise to a protected liberty interest unless the restriction constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). There are two circumstances where a prisoner can be deprived of a constitutionally-protected liberty interest: (1) when "a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court;" or (2) "when the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999) (citations omitted).

Plaintiff has no liberty interest that entitles him to work release, Francis v. Fox, 838 F.2d 1147, 1149 (11th Cir.1988), and the Due Process Clause itself creates no constitutionally protected interest in work release. See Kitchen v. Upshaw, 286 F.3d 179, 188 (4th Cir. 2002) (holding that inmate denied permission to participate in work release has no constitutionally protected interest in work release because "it is

4

clear that being denied permission to leave jail in order to work is nothing more than an ordinary experience of inmates."); Asquith v. Department of Corrections, 186 F.3d 407, 412 (3rd Cir. 1999) ("Since an inmate is normally incarcerated in prison, [the failure to place the inmate on work release] did not impose atypical and significant hardship on him in relation to the ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty interest."); Codd v. Brown, 949 F.2d 879, 882-83 (6th Cir. 1991) (prisoners have no inherent due process interest in work release); see also Dominique v. Weld, 73 F.3d 1156, 1160 (1st Cir. 1996) (inmate summarily removed from work-release program for various penological reasons and transferred to a medium security prison after having successfully participated in work release for four years did not possess protected liberty interest in remaining in work release because confinement within the prison walls of medium security prison constituted "an 'ordinary incident of prison life.' It is not 'atypical.'"); Callender v. Sioux City Residential Treatment Facility, 88 F.3d 666, 669 (8th Cir. 1996) (return of an inmate to prison after revocation of his work release status imposed neither an atypical nor significant deprivation under Sandin because prison is "not atypical of what inmates have to endure in daily prison life."). Plaintiff's return to prison from the work release program did not violate his rights because it was not an "atypical or

5

significant hardship" on Plaintiff. Therefore, Plaintiff's complaint is subject to dismissal.

To the extent that Plaintiff contends that his equal protection rights were violated by the prison's disciplinary proceedings, he also fails to state a claim. In order to establish an equal protection claim, "a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal quotations omitted). Here, Plaintiff has failed to allege that he was treated differently than any other prisoner on the basis of a constitutionally protected interest. Accordingly, Plaintiff has failed to state an equal protection claim.

IV. Conclusion

Based on the foregoing, **I RECOMMEND** that the instant action be **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2).

**IT IS SO RECOMMENDED,** this 10th day of June, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE